UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 12-80689-CIV-HURLEY

UNITED STATES OF AMERICA,
 Plaintiff,
v.

PAULETTE ARNOLD A/K/A
PAULETTE MANNINO,
 Defendant.
_____/

## ORDER REJECTING IN PART AND APPROVING IN PART MAGISTRATE'S REPORT AND RECOMMENDATION ON MOTION FOR ATTORNEY'S FEES &

**THIS CAUSE** is before the court upon the plaintiff's motion for taxation of attorney's fees [DE 13].  This matter was previously referred to a magistrate judge pursuant to 28 U.S.C. §§ 636-39 and Rule 72 of the Federal Rules of Civil Procedure for a recommended disposition.  On May 15, 2013, the magistrate judge filed a report and recommendation that the motion for fees is denied in its entirety [DE 18].  On May 16, 2013, the court shortened the time for the government to file objections to Friday, May 24, 2013 [DE 19].  However, having since carefully reviewed the magistrate judge's report and recommendation, and having made *de novo* determination as to all legal conclusions upon which the report is premised, the court has determined to reject the magistrate judge's recommendation to deny the fee request for lack of statutory authorization, thereby obviating the necessity of entertaining plaintiff's objections to the report.

.             **Background**

The defendant Paulette Arnold a/k/a Paulette Mannino ("Ms. Arnold") executed promissory notes on November 9, 1989 to secure a student loan from Bank of America ["the Bank"], one in the amount of $2,625.00 at an interest rate of ten percent per annum, and one in the amount of $1,000.00

at a variable interest rate to be established annually by the Department of Education. [See Certificate of Indebtedness # 1 of 2 and Certificate of Indebtedness #2 of 2 ("Certificates") attached to the Complaint at pp. 5, 9]. Both loans were guaranteed by the California Student Aid Commission, and reinsured by the U.S. Department of Education under Title IV-B of the Higher Education Act of 1965, 20 U.S.C. ᴄ 1071 *et seq*.

Ms. Arnold defaulted on her loan obligations on July 24, 1991 [Certificates, pp. 5, 9] Consequently, the Bank filed claims on the loan guarantees with the California Student Aid Commission ("the Commission"). The Commission, as guaranty agency, paid principal and interest aggregating $2,803.36 and $1,149.65, respectively, to the Bank. *Id*. Pursuant to its Title IV-B reinsurance policy, the Commission was then entitled to and did receive reimbursement of the full guaranteed amount from the federal government, *id.*, and on November 2, 2005 then assigned its right and title to the loans to the Department of Education ("the Department") [Certificates, pp. 5, 9].

After unsuccessfully attempting to collect the balances due from the debtor, the Department next caused this collection lawsuit to be filed. Although the defendant appeared *pro se* and answered the complaint [DE 6], she did not respond to the government's subsequent motion for summary judgment [DE 8], requesting entry of judgment on an aggregate indebtedness, as of February 25, 2011, totaling $7,970.44 under Certificate of Indebtedness #1 [$2,803.36 in principal plus $5,167.08 in interest], and $2,801.27 of aggregate indebtedness under certificate of Indebtedness #2 [$1,148.65 in principal plus $1,651.62 in interest]. The court granted the unopposed motion and entered final summary judgment accordingly on September 28. 2012, awarding the plaintiff a total of $3,953.01 in unpaid principal ($2,803.36 plus $1,149.65) together with $7,308.46 in unpaid prejudgment interest [DE 9, 10].

Plaintiff then petitioned for an award of attorney's' fees in the amount of $625.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(b), and alternatively, alleged contractual authorization contained in the underlying promissory notes. [DE 13]

The magistrate judge recommended that the plaintiff's fee request be denied on grounds that (1) the Equal Access to Justice Act is a one-way mechanism for taxing fees and costs *against* the United States by a prevailing party in civil actions brought by or against the United States, and does not authorize the government to act as a fee claimant, and (2) the promissory notes attached to the petition are illegible and thus cannot serve as independent contractual authority for the fee request. Although the magistrate judge further identified 34 C.F.R. § 682.410(b)(2) as an independent statutory authorization for assessment of "reasonable" attorney's' fees in favor of "guarantee agencies" in defaulted federal student loan cases, regardless of whether the promissory note obligates the borrower to pay such fees, the magistrate judge nevertheless rejected this alternative authority for the government's fee request, finding "nothing in the record before the court establish[ing] that the government's request is in compliance with the regulations that would allow collection regardless of the terms of the Promissory Note." [Report & Recommendation, p. 4].

**Standard of Review**

This court affords *de novo* review to all legal conclusions of the magistrate judge and all items as to which objection has been lodged, 28 U.S.C. § 636(b)(1)(C), further recognizing that, in the matter of attorney fee recommendations, the district court retains discretion to make the ultimate determination. *Yates v. Mobile County Personnel Board*, 719 F.2d 1530 (11th Cir. 1983). Having carefully reviewed the magistrate judge's report and recommendation in this instance, the court has determined to accept the magistrate judge's proposed rejection of the EAJA and underlying

3

contracts as authority for the requested fee award, and to reject the magistrate judge's proposed rejection of applicable federal regulations governing defaulted federal student loans as authorization for the requested award.

## Discussion

As a threshold matter, the court agrees that neither the EAJA nor the subject promissory notes provide adequate statutory or contractual authority for the government's fee request. In addition to the rationale set forth in the magistrate's report, the court further finds that the United States cannot claim "prevailing party" fees under the EAJA because it does not meet the definition of a "party" set forth at 28 U.S.C. § 2412(d)(2)(B). The court also agrees that the underlying promissory notes are appropriately rejected as contractual authority for the fee request where the notes are illegible.

The court disagrees, however, as to the recommended rejection of 34 C.F.R. § 682.410, as a basis for a "reasonable attorney fee" award on theory that the government has failed to show its "compliance" with this regulation. The statute upon which 34 C.F.R. § 682.410 is based authorizes the government to recover "reasonable collection costs" from a defaulted borrower, 20 U.S.C. §1091a(b)(1), and the Department of Education, charged with the interpretation of these statutory terms through regulations, has interpreted "reasonable collection costs" to include, among other things, attorney's fees. See 34 C.F.R. § 682.410(b)(2). *See also Black v. Educ. Credit Mgmt. Corp.*, 459 F.3d 796, 800 (7th Cir. 2006).

This regulation provides:

> (2) Collection charges. Whether or not provided for in the borrower's promissory note and subject to any limitation on the amount of those costs in that note, the guaranty agency shall charge a borrower an amount equal to reasonable costs incurred by the agency in collecting a loan on which the agency has paid a default or bankruptcy claim. These costs may include, but are not limited to, all attorney's fees,

4

>collection agency charges, and court costs. Except as provided in §§ 682.401(b)(27) and 682.405(b)(1)(iv), the amount charged a borrower must equal the lesser of–
>
>(i) The amount the same borrower would be charged for the cost of collection under the formula in 34 C.F.R. 30.60; or
>
>(ii) The amount the same borrower would be charged for the cost of collection if the loan was held by the U.S. Department of Education.

34 C.F.R. § 682.410(b)(2)

Notably, with this regulation the Secretary allows guaranty agencies to charge borrowers collection costs that take into account the total costs associated with the agency's entire defaulted student loan portfolio, including attorney's fees, provided that the total collection costs do not exceed the amount the same borrower would be charged for the cost of collection if the loan were held by the Department and do not exceed the costs of collections under the formula prescribed in 34 C.F.R. 30.60. In this case, the Department has stepped into the shoes of the "guaranty agency" [i.e. the California Student Aid Commission], by assignment, following the agency's payment of the default claim to the holder Bank. The Department's fee request is therefore authorized under this regulation.

Further, the government's fee petition is supported by attorney affidavit attesting to the expenditure of a reasonable amount of time and reasonable hourly rate ( 2.5 hours at hourly rate of $250.00); the total fee claimed amounts to roughly 5% of the outstanding principal and interest; and there is no dispute as to the reasonableness of the amount of the fee claimed[1] or whether the

---

[1] The debtor earlier unsuccessfully moved the court to find "waiver" of the government's interest and fee charges on ground she believed the underlying debts had previously been discharged in bankruptcy [DE 11, 12, 15]. At no time did she challenge the reasonableness of the amount of fee claimed.

government accurately calculated the fee under the formula in 34 C.F.R. 30.60. Under these circumstances, the magistrate judge erroneously placed the burden on the government to show compliance with the fee ceilings set out at § 682.410(b)(2)(i)and(ii)as a prerequisite to fee recovery under § 682.410(b)(2).

### Decretal Provisions

Based on the foregoing, it is **ORDERED** and **ADJUDGED**:

1. The magistrate judge's May 15, 2013 Report and Recommendation on attorney's' fees and costs [DE 18] is **APPROVED** in part as to the proposed rejection of the EAJA and underlying promissory notes as statutory or contractual authorization for the requested fee, and is **DISAPPROVED** in part as to the proposed rejection of 34 C.F.R. § 682.410(b)(2) as statutory authority for the requested attorney's fee.

2. The court finds $250 per hour to be a reasonable hourly rate for the plaintiff's attorney, and 2.5 hours to be a reasonable estimate of the number of hours expended in litigation of this claim.

3. The plaintiff's motion for attorney's' fees and costs [DE 18] is **GRANTED**, and judgment shall accordingly enter by separate order of the court pursuant to Fed. R. Civ. P. 58.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 17th day of May, 2013.

*[signature: Daniel T. K. Hurley]*

United States District Judge
Southern District of Florida

cc. all parties